**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-23002-BLOOM/Elfenbein**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**CHEETAH X INC. (d/b/a Go X),**
**ALEXANDER DEBELOV,**
**and KHODR SALAM,**

**Defendants.**
**_______________________________________________/**

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION TO STRIKE DEFENDANTS CHEETAH X INC. AND ALEXANDER DEBELOV'S AFFIRMATIVE DEFENSES AND TREAT OTHERS AS DENIALS, AND MEMORANDUM IN SUPPORT**

The Securities and Exchange Commission ("Commission") moves pursuant to Fed. R. Civ. P. 12(f) to strike and/or treat as denials certain affirmative defenses asserted by defendants Cheetah X Inc. ("Cheetah") and Alexander Debelov (collectively the "Cheetah Defendants"), ECF No. [60]

## I. INTRODUCTION

The Cheetah Defendants' affirmative defenses are virtually all improper. Most are not defenses at all but simply denials of an aspect of the Commission's prima facie case. For example, their "Second Defense" simply summarizes the argument presented in their motion to dismiss, namely, that Cheetah's scooter program did not involve the purchase or sale of a security. However, the Commission must prove the existence of a security as part of its prima facie case, and this "defense" and others like it are denials and the Court should treat them as such.

In addition, some of the defenses are legally insufficient and should be stricken. Specifically:

- The First Defense is a generalized failure-to-state-a-claim defense, which this Court has at least twice held should be stricken.
- The Eleventh Defense asserts the Commission's claims are not strict liability offenses, but Count VII, relating to the sale of unregistered securities, is a strict liability offense.
- The Thirteenth Defense asserts that the issue of whether the scooter program constitutes an investment contract impacts the Court's subject matter jurisdiction. This defense is contrary to Supreme Court authority that the reach of the securities laws is a merits, not a jurisdictional issue.

## II. DISCUSSION

### A. Procedural Background

On July 3, 2025, the Commission filed its Complaint, alleging Defendants raised approximately $4 million from 300 investors through the fraudulent sale of unregistered securities in Cheetah's scooter rental business. ECF No. [1]. Defendants all moved to dismiss, ECF Nos. [25], [26]. On April 20, 2026, the Court denied the motion, ECF No. [39], holding that the Commission had sufficiently alleged the existence of a security and defendants' scienter and/or negligence. *SEC v. Cheetah X Inc.*, No. 1:25cv23002, 2026 WL 1067017 (S.D. Fla. Apr. 20, 2026). On May 29, 2026 and June 5, 2026, respectively, Salam and the Cheetah Defendants filed their answers and affirmative defenses. ECF Nos. [57], [60]. Salam and the Commission reached an agreement regarding his defenses, which the Commission is filing contemporaneously herewith.

### B. The Court Should Treat as Denials Purported Affirmative Defenses that Challenge the Commission's Prima Facie Case

An affirmative defense "encompasses allegations outside of the plaintiff's prima facie case that the defendant cannot raise by a simple denial in the answer." *Khatabi v. Car Auto Holdings LLC*, 177 F.4th 1134, 1145 (11th Cir. 2026) (quotation omitted). A defense "which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Service,*

*Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Rather, an affirmative defense "admits the facts of the complaint and asserts additional facts in justification or avoidance of a claim. *Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-cv-60885, 2015 WL 11197802, *1 (S.D. Fla. Apr. 27, 2015) (Bloom, J.). The Court will "treat[] mis-labeled defenses as denials." *Extropin, LLC v. DP Derm, LLC*, 817 F. Supp. 3d 1319, 1325 (S.D. Fla. 2026) (Bloom, J.).

Here, nearly all the Cheetah Defendants' affirmative defenses suffer from the same defect—they are denials dressed up as defenses:

**1. Second, Third, and Thirteenth Defenses**

These defenses revisit the Cheetah Defendants' argument that the scooter program is not a security. However, the existence of a security—which the Court has already held the Commission adequately pled—is something the Commission will have to prove to establish its claims. These defenses thus attack the Commission's prima facie case and the Court should treat them as denials.[1]

**2. Fourth and Fifth Defenses**

These defenses assert that the Cheetah Defendants acted in good faith, expressly stating that good faith negates any allegation of scienter. But scienter is an element the Commission must prove to establish a violation of Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77q(a)(1), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5. A "defense" of good faith is simply another way of saying that the Commission cannot make out the scienter element of these claims, and these defenses should therefore be treated as denials.

[1]The Thirteenth Defense should also be stricken due to legal insuffiency. *See infra* Part II.C.4.

### 3. Sixth, Seventh, and Twelfth Defenses

These defenses all relate to the Commission's remedies, arguing that injunctive relief, disgorgement, and civil penalties are improper. But the Commission will have to prove its entitlement to these remedies, albeit at the relief stage rather than at the trial on the merits. Because these defenses take issue with the Commission's prima facie case on remedies, the Court should treat them as denials.

### 4. Eighth Defense

This defense asserts, among other things, that the Commission cannot establish the materiality of the Cheetah Defendants' false statements. However, materiality is part of the Commission's prima facie case, and the Cheetah Defendants' attacks on materiality should be treated as denials.[2]

### 5. Tenth and Eleventh Defenses

The Cheetah Defendants' Tenth Defense states that the "full context of the facts and circumstances" will exonerate them. Their Eleventh Defense states that "the absence of any element(s) is a complete defense."[3] These are yet more attacks on the Commission's prima facie case that should be treated as denials.

## C. The Court Should Strike the Cheetah Defendants' Legally Insufficient Defenses

Under Fed. R. Civ. P. 12(f), the Court may, upon motion or its own initiative, "strike from a pleading an insufficient defense." *See Extropin*, 817 F. Supp. 3d at 1324 (defense should be

[2]The Eighth Defense should also be stricken to the extent it claims the Commission needs to prove investor reliance or injury. *See infra* Part II.C.2.

[3]The Eleventh Defense should also be stricken with respect to Count VII. *See infra* Part II.C.3.

stricken when "clearly invalid as a matter of law"). Under this standard, the Court should strike several of Cheetah's affirmative defenses.

**1. First Defense (Failure to State a Claim)**

The defense of failure to state a claim "must be stricken" because it "'is not a valid affirmative defense.'" *XYZ Corp. v. Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 23cv24366, 2024 WL 3673009, *4 (S.D. Fla. Aug. 6, 2024) (Bloom, J.) (quoting *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16cv63008, 2017 WL 5632041, *3 (S.D. Fla. Nov. 22, 2017) (Bloom, J.)).[4]

**2. Eighth and Ninth Defenses (Relating to Investors' Reliance and Lack of Damage)**

These defenses both relate in whole or in part to reasonable reliance, harm, and causation of damages.[5] However, "reliance, damages, and loss causation are not required elements" in Commission actions. *SEC v. Goble*, 682 F.3d 934, 943 (11th Cir. 2012); *see CFTC v. Mintco LLC*,

[4]In some cases, this Court has treated a failure-to-state-a-claim affirmative defense as a denial rather than striking it. *E.g.*, *Extropin*, 817 F. Supp. 3d at 1324-25. The Commission submits that striking is appropriate here, since the Cheetah Defendants have already filed and had denied a Rule 12(b)(6) motion for failure to state a claim. ECF No. [25].

[5]Eighth Defense (in relevant part): Alternatively, the alleged statements constitute non-actionable puffery, expressions of opinion, or generalized statements of optimism that are not capable of objective verification and upon which no reasonable investor (or in this case, scooter owner) would rely. Further, the Complaint fails to allege facts showing that any scooter purchaser relied on any such statements or omissions, or that any alleged reliance caused any harm.

Ninth Defense: Plaintiff's claims fail, in whole or in part, because (i) the Complaint fails to allege any actual or cognizable harm to purchasers of scooters from Defendant Cheetah X Inc.; (ii) Plaintiff has not identified any quantifiable or substantiated damages incurred by purchasers of such scooters; and (iii) the Complaint does not plead a sufficient causal nexus between the alleged conduct and any purported injury. Further, any alleged purchaser harm were not the proximately caused by [sic] or the result of any wrongdoing by the Answering Defendants.

Purported complaints by scooter purchaser involved varied reasons including but not limited to hurricanes in New Orleans and Tampa, and scooter owners could move their rentals to different markets and/or receive refunds.

No. 15cv61960, 2016 WL 3944101, *7 (S.D. Fla. May 17, 2016) (Bloom, J.) (striking affirmative defense of lack of reliance in CFTC enforcement action). Therefore, the foregoing defenses are legally insufficient and the Court should strike them.

**3. Eleventh Defense (Relating to Strict Liability)**

The Eleventh Defense states in full: "The Federal Statutes and Rules invoked by the Plaintiff are not 'strict liability provisions.' Thus, the absence of any element(s) is a complete defense." To the extent this defense relates to the Commission's claim for the sale of unregistered securities under Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. § 77e (Count VII), it is incorrect as a matter of law and should be stricken, since the sale of unregistered securities is a strict liability offense. *See SEC v. Merchant Capital, LLC*, 311 F. App'x 250, 252-53 (11th Cir. 2009) (per curiam); *Swenson v. Engelstad*, 626 F.2d 421, 424 (5th Cir. 1980) ("The Securities Act of 1933 imposes strict liability on offerors and sellers of unregistered securities.").[6]

**4. Thirteenth Defense (Investment Contract Issue Impacts Subject Matter Jurisdiction)**

The Thirteenth Defense[7] argues that the Commission "lacks jurisdiction over [the Cheetah Defendants'] activities" and that "therefore, this Court lacks jurisdiction over the subject matter."

---

[6]As noted above in Part II.B.5, the Court should treat as a denial the substance of this defense—"the absence of any element(s) is a complete defense"—since it attacks the sufficiency of the Commission's prima facie case.

[7]The Thirteenth Defense states:

> Plaintiff's right to bring this proceed can be no broader than the Federal Statutes invoked. The proper application of those statutes invoked by the Plaintiff against the Answering Defendants, to the specific facts alleged, and such other facts and evidence asserted by them that are relevant to these proceedings, will result in a proper determination, as a matter of law, that Plaintiff lacks jurisdiction over the Answering Defendants' activities and, therefore, this Court lacks jurisdiction over the subject matter of this alleged civil law enforcement action. Since a U.S. District Court always has jurisdiction to determine its own jurisdiction, this Court may

This is presumably intended to label as a jurisdictional issue the Cheetah Defendants' claim that the scooter program is not an investment contract under the securities laws. However, a determination that the scooter program was not a security would simply mean that the Commission failed to prove its case, not that the Court lacked jurisdiction to hear it. The securities laws grant jurisdiction to federal district courts. Securities Act §§ 20(a), 20(d)(1), 22(a) [15 U.S.C. §§ 77t(a), 77t(d)(1), 77v(a)]; Exchange Act §§ 21(d)(1), 21(d)(3)(A), 27(a) [15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78aa(a)]. Whether certain conduct violates the securities laws goes to the merits, not jurisdiction. *See Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) (securities laws' extraterritorial reach was a merits and not a jurisdictional question; district court "had jurisdiction under 15 U.S.C. § 78aa to adjudicate the question whether § 10(b) applies to [defendant's] conduct") (footnote omitted); *United States v. Tovar*, 146 F.4th 1318, 1323 (11th Cir. 2025) ("Simply put, if Congress doesn't say [a statutory limitation on coverage] is jurisdictional, then it isn't."). The Court should therefore strike this defense.

**CONCLUSION**

For the reasons stated above, the Commission requests that the Court grant its motion and enter the proposed form of order.

---

properly determine on a future motion on the pleading and/or summary judgment that the Plaintiff improvidently invoked this jurisdiction.

**Certification of Conferral**

Counsel for the Commission and Cheetah conferred on multiple occasions but were unable to reach agreement.

Dated: July 23, 2026

Respectfully submitted,

By: s/*Andrew O. Schiff*
Andrew O. Schiff, Esq.
Senior Trial Counsel
S.D. Fla. No. A5501900
Direct Dial: (305) 982-6376
Email: schiffa@sec.gov

Christine Nestor, Esq.
Senior Trial Counsel
Florida Bar No. 597211
Direct Dial: (305) 982-6367
Email: nestorc@sec.gov

**ATTORNEYS FOR PLAINTIFF**
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300