**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-23002-BLOOM/Elfenbein**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**CHEETAH X INC. (d/b/a Go X), ALEXANDER DEBELOV, and KHODR SALAM,**

**Defendants.**
**_________________________________/**

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS CHEETAH X INC. AND ALEXANDER DEBELOV'S AFFIRMATIVE DEFENSES AND TREAT OTHERS AS DENIALS**

As a result of additional conferral, the Commission and defendants Cheetah X Inc. and Alexander Debelov ("Cheetah Defendants") reached a partial resolution, which is reflected in paragraph 1 of the revised proposed order being submitted herewith. As reflected in paragraph 2 of the proposed order, the Tenth and Thirteenth Defenses remain in dispute, and the Commission replies below to the Cheetah Defendant's Response in Opposition ("Response") on these issues.

**A. Tenth Defense (Selective Allegations)**

The Cheetah Defendants cast the Tenth Defense as asserting that the "total mix" of information shows that their misstatements and omissions were not material. [Response at 13.[1]] But the Cheetah Defendants already deny in their answer that the Commission can establish

[1]The Defense itself mentions neither materiality nor the total-mix standard, stating only that the Commission's claims fail "because the Complaint relies on selective and incomplete allegations that are contradicted by the full context of the facts and circumstances, which do not support any violation of the federal securities laws by [the Cheetah] Defendants." ECF No. [60], at 27.

materiality. *See* Answer ¶40 (ECF No. [60]). Adding the total-mix standard to this denial does not transform it into an affirmative defense.

Materiality is an element of the Commission's claims under Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R.240.10b-5]. *See SEC v. Merchant Cap., LLC*, 483 F.3d 747, 766 (11th Cir. 2007). To prove materiality, the Commission must show that a "reasonable investor" would have viewed the misrepresentation or omission "as having significantly altered the 'total mix' of information made available." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *see* 11th Cir. Pattern Civ. Jury Instr. Nos. 6.1, 6.2, 6.8, 6.9 (in determining materiality in securities fraud cases, jury must consider whether "a reasonable investor would view the misstated or omitted fact's disclosure as significantly altering the total mix of available information"). If the Commission proves its case, then it necessarily has established that the Cheetah Defendants' misstatements and omissions were material under the total-mix standard. The Tenth Defense is therefore merely a denial of the Commission's prima facie case, and the Court should treat it as such. *See Am. National Insurance Co. v. Fortun*, No. 22-cv-23705, 2023 WL 4234648, *2 (S.D. Fla. June 28, 2023) (Bloom, J.) (striking "No Materiality" defense in insurance dispute because the "purported Defense is in fact a denial of a necessary element of [the insurer's] *prima facie* case—that [the insured] made material misstatements").

**B. Thirteenth Defense (Subject Matter Jurisdiction)**

The Thirteenth Defense states that the absence of subject matter jurisdiction results from the Commission's supposed "lack[] [of] jurisdiction over the [Cheetah] Defendants' activities . . . ." ECF No. [60], at 28. In our opening brief, the Commission demonstrated that the

scooter program's status as an "investment contract" did not impact the Court's subject matter jurisdiction—its "power to hear a case"—which is expressly granted by the securities laws.[2] *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010); *SEC v. Scoville*, 913 F.3d 1204, 1219 (10th Cir. 2019) (investment program's status as a security did not affect the district court's subject matter jurisdiction; under *Morrison*, "the question of whether [the investments were] securities is a merits inquiry").

In the Response, the Cheetah Defendants never explain their subject matter jurisdiction defense at all, let alone rebut the Commission's argument. Given the multiple statutory bases for subject-matter jurisdiction, the Cheetah Defendants' failure to tie their defense to the facts of the case confirms that the Court should strike it. *See CFTC v. Mintco LLC*, No. 15-cv-61960, 2016 WL 3944101, *3 (S.D. Fla. May 17, 2016) (Bloom, J.) ("Courts routinely strike defenses asserting lack of subject matter jurisdiction where, inter alia, there are multiple or alternative bases for the court's jurisdiction over the matter or where no relationship exists between a defense and the party's claim."); *see also Svistina v. Elbadramany*, No. 22-cv-20525, 2023 WL 158628, *3 (S.D. Fla. Jan. 11, 2023) (Bloom, J.) (striking subject matter jurisdiction affirmative defense; "the defense of lack of subject matter jurisdiction may be raised at any time, and, consequently, it is not an affirmative defense") (citation and quotation omitted).

The Cheetah Defendants' various arguments in opposition do not withstand scrutiny:

1. They attempt to distinguish *Morrison* because it involved a motion to dismiss rather than a motion to strike. They miss the point: under *Morrison*, the Commission's ability to prove its case on the merits does *not* impact the Court's subject matter jurisdiction. Therefore, the Court

[2]Securities Act §§ 20(b), 20(d)(1), 22(a) [15 U.S.C. §§ 77t(b), 77t(d)(1), 77v(a)]; Exchange Act §§ 21(d)(1), 21(d)(3)(A), 27(a) [15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78aa(a)].

should strike the jurisdiction defense as "clearly invalid as a matter of law." *Fast Response Marine Towing & Salvage, LLC, v. A 2025 60′ Azimut Magellano 60 Bearing Hull ID No. XAX60M22E425*, No. 26-cv-22476, 2026 WL 2175063, *7 (S.D. Fla. July 29, 2026) (Bloom, J.) (citation and quotation omitted).

2. They cite *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-cv-81232, 2018 WL 1309921 (S.D. Fla. Mar. 12, 2018), which denied a motion to strike defenses of lack of standing and jurisdiction. But the Court there found that the defenses were "sufficient as a matter of law." *Id.* at 4. Here by contrast, the Commission has affirmatively shown (and the Cheetah Defendants have failed to rebut) that the Thirteenth Defense is legally *insufficient* because the Court has subject matter jurisdiction under the securities laws.

3. Defendants also cite *Mintco*, where this Court let stand a subject-matter-jurisdiction defense when the defendant had "linked its . . . defense to the operative pleadings with sufficient support," and the defense was "closely related to the controversy." 2016 WL 394410, *4. In *Mintco* the defense turned on whether certain precious metals transactions were "exempted from the [CFTC]'s *jurisdiction* . . . ." *Id.* at *1 (emphasis added). Here, the Cheetah Defendants neither explain the nature of their jurisdictional defense nor tie it to the facts of this case. Without such a link, the Court should strike the defense.

4. The Cheetah Defendants claim that even if the Thirteenth Defense did not attack the Court's subject matter jurisdiction, it should remain as a "legal contention concerning the scope and applicability of the securities laws themselves." Response at 16. But if that's the case, then the Thirteenth Defense merely duplicates the Second Defense ("[T]he [scooter] program is not a security as defined by the applicable Federal securities laws . . . .") and the Third Defense (The Cheetah Defendants' conduct was not "'in connection with the purchase or sale' of securities, as

opposed to scooters."), ECF No. [60], at 23-24, which the parties have agreed should be treated as denials. Like those defenses, the Thirteenth Defense would merely dispute the Commission's ability to prove its prima facie case, which includes proving that the scooter program was a security, and the Court should either strike it as duplicative or treat it as a denial. *See SEC v. Complete Business Solutions Grp., Inc.*, No. 20-cv-81205, 2021 WL 11726587, *3 (S.D. Fla. Aug. 14, 2021) (construing as denials affirmative defenses that promissory notes were not securities, because the defenses "negate[d] an element [the Commission] must prove as part of its prima facie case").

**C. Pre-Motion Conferral of Counsel**

The Response surprisingly spills much ink on the parties' conferral, requiring this brief reply. The Commission proposed the resolution quoted in the Response on July 16, 2026, but did not receive the Cheetah Defendants' counterproposal until 1:32pm on July 23, 2026—the due date of the Commission's Motion (which had already twice been extended to give the parties a chance to confer. ECF Nos. [63, 68]). The parties were unable to resolve the matter but agreed to disagree and continue discussions.[3] After the Commission filed its Motion the Cheetah Defendants represented to the Court (via a July 23rd email) that the pre-motion conferrals had been "productive" and (via an August 5th motion for enlargement of time, ECF No. [72]) that "the parties intend to continue conferring regarding the issues raised in the Motion." Earlier on August 5th, the Commission had offered to discuss the issues, but the Cheetah Defendants never substantively responded, instead filing the Response without further conferral.

[3]Defense Counsel at 2:54pm ("[S]ince we don't have complete resolution, we agree you have to file your motion, but we were trying to establish an agreement on the other items and simply narrow the motion and litigate [defenses] 10 and 13."); SEC Counsel at 3:00pm ("Ok—I'll go ahead and file and then let's talk next week and see if we can partially resolve this in advance of your brief's due date.").

## CONCLUSION

For the reasons set forth above and in the Commission's Motion, the Commission requests that the Court grant its Motion and enter the Commission's proposed order submitted herewith.

Dated: August 28, 2026

Respectfully submitted,

By: s/ *Andrew O. Schiff, Esq.*
Christine Nestor, Esq.
Senior Trial Counsel
Florida Bar No. 597211
Direct Dial: (305) 982-6367
Email: nestorc@sec.gov

Andrew O. Schiff, Esq.
Senior Trial Counsel
S.D. Fla. No. A5501900
Direct Dial: (305) 982-6376
Email: schiffa@sec.gov

**ATTORNEYS FOR PLAINTIFF**
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300