**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-23002-BLOOM/Elfenbein**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.**

**CHEETAH X INC. (d/b/a Go X),**
**ALEXANDER DEBELOV,**
**and KHODR SALAM,**

**Defendants.**

______________________________________/

# JOINT DISCOVERY STATUS REPORT

Plaintiff Securities and Exchange Commission ("Commission") and Defendants Cheetah X Inc. (d/b/a Go X), Alexander Debelov, and Khodr Salam ("Defendants") (collectively, the "Parties"), hereby submit this joint discovery status report pursuant to the Order Resetting Discovery Status Conference. ECF No. [44].

**1. The particular discovery each party has propounded:**

a. Defendants propounded upon the Commission a First Set of Interrogatories, First Request for Admissions, and First Request for Production.

b. The Commission propounded upon the Defendants a First Set of Interrogatories and First Request for Production of Documents.

c. The Commission issued Subpoenas Duces Tecum to attorneys Bryan Brashears, Chobee Ebbets, Oren Litwin, and Richard Nacht.

**2. Whether the discovery requests have been answered:**

a. The Commission answered Defendants' discovery requests and after the Parties resolved certain discovery disputes, the Commission supplemented its answers.

b. By agreed upon extension, Defendants' answers to the Commission's discovery requests are due on September 18, 2026 and October 2, 2026.

c. The Subpoenas Duces Tecum are returnable September 25, 2026.

**3. The status of depositions, including:**

**a. The number of depositions taken to date:**

Defendant Salam currently has four depositions scheduled, one on September 15, 2026, two on September 17, 2026, and one on September 25, 2026.

**b. The number of remaining depositions and whether they have been scheduled:**

i. The Commission has requested the depositions of the Defendants (Debelov, Salam, and corporate representative of Go X) and has proposed October 28, 29, November 3, 4, and 5 as available dates. The Commission is still assessing whether it will seek additional depositions.

ii. Defendants are still assessing whether they will seek additional depositions.

**c. An explanation of any delay in scheduling the remaining depositions:**

No specific delays to note.

**4. The status of expert disclosures:**

Expert disclosures are due on October 13, 2026, and the Parties are working toward complying with this deadline. Defendants' ability to comply with this deadline, however, is impeded by the Commission's delay in providing its civil penalty analysis, as further explained below. The Commission disagrees with this contention and will respond more fully once the Defendants confer with the Commission on this matter.

**5. Whether the parties have any outstanding discovery disputes:**

The Parties have identified at least one discovery dispute that may require the Court's attention. The Parties are attempting to reach an agreement via stipulation which may resolve this dispute. The Parties are hopeful that this dispute may be resolved through stipulation, but absent agreement Defendants anticipate motion practice concerning the request by the Commission for privileged materials.

The Commission's position: The Commission anticipates Defendants, while disclaiming an advice-of-counsel defense, will nevertheless seek to introduce as evidence of good faith the presence and involvement of attorneys during the underlying conduct. The Commission has therefore requested discovery relating to Defendant's interactions with counsel. Defendants anticipate raising the attorney/client privilege and otherwise seeking to preclude the Commission's discovery.

The Defendants' position: Specifically, the Commission has served subpoenas on four attorneys engaged by Defendant Go X seeking documents and testimony relating to Defendants' communications and interactions with counsel. Additionally, the Commission has requested the same or similar information from Defendants relating to their communications with counsel in its Request for Production and First Set of Interrogatories issued to the Defendants. Defendants have advised that they do not intend to assert an advice of counsel defense. In fact, Defendant Salam filed a stipulation agreeing to withdrawing such defense. Notwithstanding the Defendants willingness to stipulate that they will not assert an affirmative defense of advice or counsel or introduce privileged communications in support of any defense, the Commission continues to seek such privileged communications under the premise that the stipulation is insufficient to prevent some hypothetical or potential attempt to introduce such privileged communications at trial.

Defendants contend that the Commission is not entitled to discovery of privileged communications or attorney work product from Defendants' counsel based on this "anticipation."

Another dispute that may require the Court's attention concerns Defendants' interrogatory No. 18, which requests the Commission's civil penalty analysis and remains unanswered. Salam and the Commission initially agreed to defer raising this issue with the Court for 60 days. That period has since expired. Although Salam and the Commission have not discussed the dispute further, the absence of the Commission's civil penalties analysis is impeding Defendants' ability to timely disclose an expert on the issue of penalties as the expert disclosure deadline approached. Defendants intend to re-engage with the Commission regarding this issue before the discovery status conference.

**6. Whether the parties believe that a discovery status conference is needed:**

The Parties believe a discovery status conference would be helpful to resolution of the expected discovery disputes noted above.

**7. Whether the parties can certify that they will complete all discovery by the discovery deadline:**

The Parties are working diligently toward completing discovery by the discovery deadline and by early October expect to certify whether discovery will be completed or whether the Parties will seek a brief extension of the discovery deadline.

Respectfully submitted,

September 15, 2026

*s/ Christine Nestor*
Christine Nestor, Esq.
Senior Trial Counsel
Florida Bar # 597211
Telephone: (305) 982-6367
Email: nestorc@sec.gov

Andrew O. Schiff, Esq.
Senior Trial Counsel
S.D. Fla. # A5501900
Telephone: (305) 982-6376
Email: schiffa@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, Florida 33131

*s/ Justin Kolnick*
Justin Kolnick, Esq.
Florida Bar # 1059202
Attorney for Defendant Khodr Salam
COLE, SCOTT & KISSANE, P.A.
222 Lakeview Avenue, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 383-9268
Email: justin.kolnick@csklegal.com

*s/ Joseph A. Sacher*
Florida Bar # 174920
Attorney for Defendants Cheetah X Inc. (d/b/a Go X) and Alexander Debelov
100 SE Second Street, Suite 3900
Miami, FL 33131
Telephone: (305) 428-5339
Email: jsacher@grsm.com

*Counsel for Defendants has consented to Plaintiff making this Joint filing and using their e-signatures for this filing.*